MIRIAM TAUBER, MT-1979
Miriam Tauber Law PLLC
*Attorney for Plaintiff*
885 Park Avenue 2A
New York, New York 10075
Tel:    323.790.4881
Email: MiriamTauberLaw@gmail.com

DAVID LOPEZ, ESQ. DL-6779
*Attorney for Plaintiff*
171 Edge of Woods Road
P.O. Box 323
Southampton, New York 11969-0323
Tel:    631.287.5520
Fax:    631.283.4735
Email: DavidLopezEsq@aol.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DEBORAH DONOGHUE and AARON RUBENSTEIN,<br><br>Plaintiffs,<br><br>v.<br><br>QUEST SOLUTION, INC.,<br><br>Nominal Defendant,<br><br>and<br><br>JASON F. GRIFFITH,<br><br>Defendant. | No. 16-cv-7630<br><br>**COMPLAINT FOR RECOVERY OF SHORT-SWING PROFITS UNDER 15 U.S.C. § 78(p)(b)**<br><br>**JURY TRIAL DEMANDED** |

**DEBORAH DONOGHUE and AARON RUBENSTEIN**, by David Lopez, Esq., and Miriam Tauber, their attorneys, complaining of the defendants, respectfully allege the following upon information and belief, except as to themselves and their own acts which plaintiffs allege on personal knowledge.

1

**NATURE OF ACTION**

1. This is an action to recover "short-swing" profits under Section 16(b) of the Securities Exchange Act of 1934, as amended ("the Act"), 15 U.S.C § 78p(b).

2. Section 16(b) is a strict liability statute. A plaintiff must prove only that the defendant was an insider of a company whose equity securities are registered under Section 12 of the Act, or one of its subdivisions, who profited from the purchase and sale of the company's equity securities or derivative securities within a period of less than six months. Evidence of the defendant's intent, misuse of inside information or bad faith is irrelevant and not required to establish liability. Section 16(b) is not punitive and insiders are simply required to disgorge profits realized and retained in violation of the Act.

3. Defendant Jason F. Griffith is an insider of Nominal Defendant Quest Solution, Inc., ("Quest" or the "Company"), who profited from his sale of 650,000 shares of Quest common stock, his deemed sale of an additional 650,000 shares upon his creation of a put equivalent position covering that number of shares, and his deemed purchase of 1,800,000 shares of Quest, through his establishment of a call equivalent position, within a period of less than six months. The resulting short-swing profit is recoverable by Quest or, upon its failure to act on its own behalf within 60 days of demand for action, by any of its shareholders.

**JURISDICTION AND VENUE**

4. Subject matter jurisdiction is conferred upon this Court by Section 27 of the Act, 15 U.S.C. § 78aa.

5.      Venue is proper in this District pursuant to Section 27 of the Act, 15 U.S.C. § 78aa. According to the Company's public filings and press releases, Quest maintains a sales team based in a New York office in order to conduct business and provide services within the District.

## THE PARTIES

6.      Plaintiffs Deborah Donoghue and Aaron Rubenstein are security owners of Quest. They reside, respectively, in Yonkers, New York, and Providence, Rhode Island.

7.      Nominal Defendant Quest Solution is a Delaware Corporation with principal offices at 860 Conger Street, Eugene, Oregon 97402. Quest provides "field and supply chain mobility" tools and services to businesses. This action is brought in the right and for the benefit of Quest, which is named as a party defendant solely in order to have all necessary parties before the Court.

8.      Defendant Jason F. Griffith is, and was at all times relevant, an insider of Quest, to wit: a more-than 10% beneficial owner of a class of equity security and thereby a fiduciary. Griffith also serves as Quest's "Executive Vice President of Strategy and Acquisitions." Griffith maintains a principal place of business or is found at 2580 Anthem Village, Henderson, Nevada 89502.

## STATUTORY REQUISITES

9.      At all times relevant, the common stock of Quest was registered under Section 12(g) of the Act.

10.     The violations of Section 16(b) of the Act described herein involve non-exempt securities in non-exempt transactions engaged in by non-exempt persons within the meaning of the Act.

11.     Demand for prosecution was made by Plaintiffs on Quest by letters from counsel for Plaintiffs Rubenstein and Donoghue respectively dated June 21 and June 30, 2016. By letter

dated July 27, 2016, Quest's counsel made clear its intention not to pursue the Section 16(b) claim for recovery of short swing profits from Griffith, which was outlined in Plaintiffs' demand letters and is further described herein. Further delay in the bringing of suit would be a futile gesture.

12. This action is brought within two years of the occurrence of the violations to be described herein or within two years of the time when reports required by 15 U.S.C. § 78p(a) setting forth the substance of the transactions here complained of were first filed with the Securities & Exchange Commission ("SEC").

## CLAIM FOR RELIEF

13. On or about January 13, 2016, Griffith sold 650,000 shares of Quest common stock for a promissory note in the amount of $650,000, reflecting a sale price of $1.00 per share.

14. On or about January 13, 2016, Griffith granted to an unrelated party an option for that person to buy 650,000 shares of Quest common stock for a price of $1.00 per share, expiring on December 31, 2016. The grant of this option established a "put equivalent" derivative security position for Griffith and is deemed, as a matter of law for purposes of Section 16(b), to constitute the sale by Griffith, on January 13, 2016, of the 650,000 shares of Quest common stock underlying the option granted by Griffith on that date.

15. On or about June 17, 2016, Griffith and the Company agreed to convert $1,800,000 of debt owed to Griffith by the Company under a promissory note dated October 1, 2015, into 1,800,000 shares of Quest Series C Preferred Stock.

16. The October 1, 2015 promissory note referenced in Paragraph 15 was in the original amount of $3,120,000. The original terms of the promissory note provided that the debt would be convertible into shares of Quest common stock only upon an event of default (as

defined by the Promissory Note), and at a conversion price reflecting an approximate 25% discount from the market price of Quest common stock at the time of conversion.

17. The Series C Preferred stock acquired by Griffith in the June 17, 2016 transaction described in Paragraph 15, was convertible into common stock on a one-for-one basis, at Griffith's option, at any time. Griffith's acquisition of the 1,800,000 shares of Quest Series C Preferred Stock in the June 17 transaction thus provided Griffith with an unconditional right to acquire 1,800,000 shares of Quest common stock, which was not previously granted to Griffith under the terms of the original promissory note.

18. Griffith's acquisition on June 17, 2016 of an unconditional right to purchase 1,800,000 shares of Quest common stock via optional conversion of the Series C Preferred Stock acquired on that date, as described in Paragraphs 16-17 above, established a "call equivalent" derivative security position for Griffith. The June 17, 2016 transaction accordingly constituted a Section 16(b) purchase by Griffith, as a matter of law, on that date, of the 1,800,000 underlying shares of common stock into which Griffith's shares of Series C Preferred Stock could be converted at his option.

19. Griffith's deemed purchase price of the Quest common stock upon the establishment of Griffith's call equivalent position on June 17, 2016, as described in Paragraph 18, is substantially less than $1.00 per share.

20. The foregoing deemed or actual sales, and the deemed purchase by Griffith, of Quest common stock under Section 16(b) occurred within a period of less than six months, rendering the resulting short swing profit recoverable by or on behalf of Quest in this action by Plaintiffs.

21. Maximum short swing profits recoverable from Griffith as a result of the purchase and sales herein may be estimated based on the market prices of the underlying Quest common stock on the dates of Griffith's Section 16(b) sales on January 13, 2016 and purchase on June 16, 2016, as described in the above Paragraphs 13, 14, and 18, under SEC Rule 16b-6(c)(2). Applying that method based on the closing trading prices of $0.271 per share for Quest common stock on January 13, 2016, ascribed to the Section 16(b) sales of a total of 1,300,000 shares on that date (*see* Paragraphs 13-14); and the closing Quest trading price of $0.123 per share ascribed to the Section 16(b) purchase of 1,800,000 shares on June 17, 2016 (*see* Paragraph 18), maximum short swing profits recoverable under Section 16(b) and SEC Rule 16b-6(c)(2) may be estimated at $192,400.

**WHEREFORE**, Plaintiffs demand judgment:

a) Requiring Griffith to account for and to pay over to Quest the short swing profits realized and retained by him in violation of Section 16(b) of the Act, together with appropriate interest and the costs of this suit;

b) Awarding to Plaintiffs their costs and disbursements including reasonable attorneys, accountants and expert witness fees; and

c) Granting to Plaintiffs such other and further relief as the court may deem just and proper.

Dated: New York, New York
September 29, 2016

Yours, etc.

*s/ Miriam Tauber*

_____
Miriam Tauber, Esq.